IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **AARON UNDERWOOD**<br>611 Main Street<br>Delta, Ohio 43515 | * <br><br> * | Case No.<br><br>Judge |
| Plaintiff,<br>v. | *<br><br>* | **COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON** |
| **NORTH STAR BLUESCOPE STEEL, LLC**<br>6767 County Rd. 9<br>Delta, Ohio 43515 | *<br><br>* | Francis J. Landry (0006072)<br>Katherine A. Pawlak Macek (0086885)<br>**WASSERMAN, BRYAN, LANDRY**<br>**& HONOLD, LLP** |
| Defendant. | *<br><br>*<br><br>*<br><br>* | 1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>       kmacek@wblhlaw.com<br>Attorneys for Plaintiff<br>Aaron Underwood |

\*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of the Family and Medical Leave Act, 29 U.S.C. Sections 2601 and 2615 and 2617. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Family and Medical Leave Act. This action, is also in part, one for money damages,

1

reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Americans with Disabilities Act. On November 7, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on the basis of disability, charge number TOLB2(41848)11072020/22A-2023-00827C, attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On February 24, 2023, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. On January 12, 2023, the regional director of the OCRC notified Plaintiff of his right to file suit in an appropriate court, attached hereto as Exhibit C.

**PARTIES**

2.  Plaintiff, Aaron Underwood, is a citizen of the United States, and a resident of the City of Delta, State of Ohio, who was employed by Defendant from November of 2013 until his termination on August 10, 2022. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to his termination.

3.  Plaintiff states that the Defendant is a foreign corporation formed under the laws of the state of Delaware, and is duly licensed to do business in the State of Ohio, with a location in the City of Ottawa, State of Ohio. At all times material hereto, Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of the Family and Medical Leave Act, and the Americans with Disabilities Act.

**NATURE OF THE CASE**

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of the Family and Medical Leave Act, and the Americans with Disabilities Act.

## GENERAL ALLEGATIONS

5. Plaintiff was employed in a locomotive/shipping position for Defendant.

6. Plaintiff began his employment with Defendant in November of 2013.

7. Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his education and experience.

8. In August of 2022, Plaintiff had issues with his disabling condition, which necessitated some time off work.

9. Plaintiff suffers from bipolar disorder/schizophrenia.

10. Plaintiff made Defendant aware of his medical issues and need for time off work.

11. Plaintiff was informed that he needed to complete some paperwork related to his medical condition.

12. Plaintiff was informed he had until August 16, 2022 to complete said paperwork.

13. On August 10, 2022, prior to having the chance to complete any medical paperwork, Plaintiff was terminated.

14. The letter to Plaintiff indicated he was terminated for lying about a medical condition, and being incarcerated instead of having a medical condition.

15. The reason for Plaintiff's termination was false and pretextual, as he did not lie about his medical condition, which was the reason he needed to be away from work for a short period of time.

16. Plaintiff obtained the necessary medical documentation for Defendant to show his need for time off work.

### FIRST CLAIM FOR RELIEF
### Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.

17. Plaintiff incorporates each and every allegation contained in paragraph one (1) through sixteen (16) by reference in its entirety as if fully restated herein.

18. Plaintiff was at all times meeting his employer's legitimate expectations.

19. Plaintiff suffered from a serious health conditions, bipolar disorder and schizophrenia, which required the use of FMLA.

20. Plaintiff states that he gave proper notification to his employer and his employer was otherwise aware of his condition, as he informed his employer. His employer indicated that he had until August 16, 2022 to complete necessary paperwork related to a leave.

21. However, Plaintiff was terminated on August 10, 2022, prior to him being able to complete the necessary paperwork. Plaintiff was terminated allegedly because he lied about the reason for his leave.

22. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his absences should have been covered as FMLA leave time. Plaintiff did not lie about the reason for his leave, and Plaintiff was terminated before he could turn in the necessary paperwork. Furthermore, employees who did not need to use FMLA time were not terminated in this fashion.

23. Plaintiff states that Defendant's action in terminating his employment constituted interference, discrimination, and retaliation against Plaintiff because of his having an FMLA qualifying condition and his requested use of FMLA leave. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

24. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and medical benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Disability Discrimination**

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

26. Plaintiff states that at and prior to his termination, he was a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.

27. Plaintiff states that effective August 10, 2022, Defendant terminated his employment because of his disability. Plaintiff states that he suffered from bipolar disorder and schizophrenia. Plaintiff states that his disabling condition substantially limited his major life activities, including but not limited to communicating, thinking, concentrating, and interacting with others. Plaintiff is further disabled based on his record of impairment, and because of Defendant's perception that he is a disabled individual.

28. Plaintiff states that the Defendant was aware of his disability, as he notified Defendant of his disability and his need for an accommodation. His employer indicated that he had until August 16, 2022 to complete necessary paperwork related to a leave.

29. However, Plaintiff was terminated on August 10, 2022, prior to him being able to complete the necessary paperwork. Plaintiff was terminated allegedly because he lied about the reason for his leave.

30. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his absences should have been covered as a reasonable accommodation. Plaintiff did not lie about the reason for his leave, and Plaintiff was terminated before he could turn in the necessary paperwork. Furthermore, employees who did not need a reasonable accommodation were not terminated in this fashion.

31. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. He could perform all of the essential functions of his position.

32. Plaintiff states that in refusing to reasonably accommodate him and in terminating his employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

33. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Disability Discrimination

34. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this Complaint, supra, by reference in its entirety as if fully restated herein.

35. Plaintiff states that at and prior to his termination, he was a disabled individual within the meaning of the Ohio Revised Code Chapter 4112.

36. Plaintiff states that effective August 10, 2022, Defendant terminated his employment because of his disability. Plaintiff states that he suffered from bipolar disorder and schizophrenia. Plaintiff states that his disabling condition substantially limited his major life activities, including

but not limited to communicating, thinking, concentrating, and interacting with others. Plaintiff is further disabled based on his record of impairment, and because of Defendant's perception that he is a disabled individual.

37. Plaintiff states that the Defendant was aware of his disability, as he notified Defendant of his disability and his need for an accommodation. His employer indicated that he had until August 16, 2022 to complete necessary paperwork related to a leave.

38. However, Plaintiff was terminated on August 10, 2022, prior to him being able to complete the necessary paperwork. Plaintiff was terminated allegedly because he lied about the reason for his leave.

39. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his absences should have been covered as a reasonable accommodation. Plaintiff did not lie about the reason for his leave, and Plaintiff was terminated before he could turn in the necessary paperwork. Furthermore, employees who did not need a reasonable accommodation were not terminated in this fashion.

40. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. He could perform all of the essential functions of his position.

41. Plaintiff states that in refusing to reasonably accommodate him and in terminating his employment, the Defendant violated and/or intentionally violated Section 4112.02 of the Ohio Revised Code.

42. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and

emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees.  Plaintiff also seeks an amount of liquidated damages equal to his damages and costs and attorney fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Aaron Underwood

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry
Francis J. Landry